On Rehearing.
En Banc.
LEAR, Judge.
After the original opinion herein, defendants-appellants strongly reurged the correctness of their position, and because of the importance of the question to future development of procedure under Louisiana Code of Civil Procedure Article 1871 et seq. (the Declaratory Judgment Statute), we granted rehearing.
Plaintiffs (sometimes hereinafter referred to as Owners) are seeking the cancellation of certain leases as against Humble et al. Prior to the institution of this litigation, the Owners entered into an agreement with the law firm of Steeg &•- Shushan (a partnership referred to as “Steeg”) and Mr. Harang, a geologist, whereby Steeg and Harang undertook to perform certain services and the Owners assumed certain obligations. As said in the original opinion herein, “ * * * basically, the agreements form a contingent fee situation * * * ”
However, in that agreement we find the following provisions:
“During the term of this agreement, it is agreed that, except as hereinafter provided, neither Owners nor Steeg and Ha-rang will make any compromise or settlement affecting the subject property without the written consent of all parties hereto who are to be affected thereby, and no compromise or settlement thereof shall be valid and binding. If any owner should desire to enter into a compromise or settlement which is not approved by Steeg and Harang, it shall have the privilege of doing so without the consent of the other Owners and without the consent of Steeg and Harang after 15 days written notice, provided that Steeg and Harang shall have the option during such 15 day period of paying to the owner the amount of money equal to that which would be received by him under the compromise desired to be entered into less the fees herein provided for, whereupon the Owners shall transfer to Steeg and Ha-rang all rights and privileges which would have been satisfied against Humble if the compromise desired by the Owners had been consummated. If such option is exercised by Steeg and Harang, all further proceedings shall be conducted in the name of Steeg and Harang (not the Owners) and as to the Owners involved, this contract shall terminate, or if Steeg and Harang do not so purchase Owner, they shall have the right to enter the desired compromise, in which event the fees provided herein shall be due and payable to Steeg and Harang.”
We have therefore concluded that the original opinion herein was in error when it stated that the agreement between Owners and Steeg and Harang did not provide an “actual present vesting of interests”.
It now seems clear that an individual holding an option to buy property which is the subject matter of a Declaratory Action has a present interest or claim suffi *703 cient to satisfy the standards set forth in C.C.P. 1880[1].
This is especially true in view of the announced purpose of the act to ‘terminate the controversy or remove an uncertainty’ (C.C.P. 1875) and the fact that the provisions of the act are to be ‘liberally construed’ to effectuate this purpose. C.C.P. 1881 [2].
For the reasons above, the judgment of the district court is reversed.
Reversed.
SAVOY and FRUGÉ, JJ., vote for rehearing.
Rehearing denied.

. LSA-C.C.P. 1880.
When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In a proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard. If the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard.

. LSA-C.C.P. 1881.
Articles 1871 through 1883 are declared to be remedial. Their purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and othe- legal relations, and they are to be liberally construed and administered.